UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEVORN EVANS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:03CV854 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon Levorn Evans' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), filed June 26, 2003. (Doc. No. 1). The matter is fully briefed and ready for disposition.

**BACKGROUND**

By way of background, a federal grand jury indicted Movant Levorn Evans ("Movant"), along with fourteen other Defendants, for conspiracy, money laundering, and violations of the Mann Act. (Government's Response to Petitioner [LeVorn] Evans' Motion pursuant to Title 28 U.S.C. § 2255 ("Government's Response"), P. 1). In the multiple count Indictment returned on January 6, 2000, Movant was named in Count 1 (conspiracy relating to interstate transportation of individuals for purpose of prostitution, in violation of 18 U.S.C. § 371); Counts 2 and 3 (money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i)); Counts 4, 6, and 7 (interstate transportation of minor for purpose of prostitution, in violation of 18 U.S.C. § 2423(a)); Counts 5 and 8 (inducement of individual to travel in interstate commerce for purpose of prostitution, in violation of 18 U.S.C. § 2422(a)); Count 20 (money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i)); Count 44 (money laundering conspiracy, in violation of 18 U.S.C. § 1956(h)); and Count 45 (criminal forfeiture, pursuant to 18 U.S.C. § 982). (§ 2255 Motion, ¶ 3). Movant entered a plea of not guilty

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

as to all charges on January 7, 2000. (Id., ¶ 4).

Movant's case proceeded to trial before this Court on March 6, 2000. (§ 2255 Motion, ¶ 5). On March 28, 2000, after fourteen days of trial, the jury convicted Movant and his co-Defendants on all counts of the Indictment. (Id.). The Government filed a Motion for Upward Departure from Sentencing Guidelines on May 17, 2000, and Movant filed objections to both the Presentence Investigation Report and the Government's Motion for Upward Departure on June 29, 2000. (Id., ¶¶ 6, 7). On July 13, 2000, the Court overruled Movant's objections to the Presentence Investigation Report, granted the Government's Motion for Upward Departure, and sentenced Movant as follows: a term of 60 months imprisonment on each of Counts 1, 5, and 8, to run consecutively with each other; 240 months on each of Counts 2, 3, 20 and 44, to be served concurrently with each other, but consecutively to the sentences imposed on Counts 1, 5, and 8; and 120 months on each of Counts 4, 6 and 7, to run concurrently with each other, but consecutively to the sentences on Counts 1, 2, 3, 5, 8, 20 and 44, for a total period of imprisonment of 540 months. (Id., ¶ 8).

On July 17, 2000, Movant's appointed counsel filed a Notice of Appeal with the Eighth Circuit Court of Appeals. (§ 2255 Motion, ¶ 9). The Eighth Circuit affirmed Movant's conviction and sentence on April 3, 2002. United States v. Evans, 285 F.3d 664 (8th Cir. 2002), cert. denied, 537 U.S. 1196 (2003).

As stated above, Movant filed the instant § 2255 Motion on June 26, 2003. In his motion, Movant presents the following grounds for relief:

(1) Ineffective Assistance of Counsel–Failure to Investigate and Call Witnesses;

(2) Ineffective Assistance of Counsel–Failure to Object to Jury Instructions;

(3) Ineffective Assistance of Counsel–Sentencing Errors;

(4) Constitutionally Defective Sentence; and

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

(5) Constitutionally Defective Conviction.

(§ 2255 Motion, PP. 4-13).

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[1]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (citation omitted).

## DISCUSSION

### I. Ineffective Assistance Of Counsel

---

[1] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

As stated above, in his § 2255 Motion Movant maintains he received ineffective assistance of counsel, in that counsel (1) failed to investigate and call defense witnesses; (2) failed to object to allegedly erroneous jury instructions; and (3) committed several sentencing errors. (§ 2255 Motion, PP. 4-12).[2] In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.

With these standards in mind, the Court turns to a discussion of Movant's claims of ineffective assistance of counsel.

### A. Ground 1

In Ground 1 of his § 2255 Motion, Movant maintains he was denied effective assistance of counsel in violation of the Sixth Amendment, in that counsel failed to investigate and call defense

---

[2] Although Movant did not raise his claims of ineffective assistance of counsel on direct appeal, they are not subject to procedural default, as they could not have been raised on direct appeal. See United States v. Jones, 121 F.3d 369, 370 (8th Cir. 1997) (internal quotations and citation omitted) ("An ineffective assistance of trial counsel claim is usually not cognizable on direct appeal because facts outside the record generally need to be developed to resolve the claim.").

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

witnesses. (§ 2255 Motion, PP. 4-6). Specifically, Movant alleges as follows:

> 20. [Movant] requested that his trial counsel undertake certain investigation in connection with the defense of the case. [Movant] provided what information he had to trial counsel regarding the additional investigation, but because he was incarcerated pretrial, relied upon counsel to undertake the necessary investigation. Specifically, counsel failed to obtain witnesses and records disputing the government's claim that he had placed large amounts of money as down payments for the purchase of two vehicles and failed to conduct requested investigation to contest that the money used to purchase the vehicles had come from interstate prostitution activities. Finally, trial counsel failed to investigate or raise [Movant's] claim to him that he had demanded a speedy trial at his initial appearance and that his right to a speedy trial had been violated.

(§ 2255 Motion, ¶ 20). Movant further alleges that, "[a]mong the issues affected by the failure to investigate and call witnesses was the defense of the money laundering conspiracy charges relating to the alleged expenditure of considerable sums for the purchase of two cars, [Movant's] lack of intent to act in concert with the other conspirators particularly in regards to the use of force, his relationship with and background of the prostitute witnesses called to testify against him, and sentencing issues." (Id., ¶ 22).

Upon consideration, the Court finds that Movant's first ground for relief fails both prongs of the Strickland test. With respect to the deficiency prong, as noted above, under Strickland counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. In the instant case, the Government offers by way of response to Movant's claim an Affidavit from Movant's trial counsel, Mr. Sam Poston, in which Mr. Poston testifies in relevant part as follows:

> 4. I represented LeVorn Evans in this criminal case. I requested Mr. Evans to provide me with the identities of any potential defense witnesses. Although Mr. Evans continued to suggest that there were such witnesses, he was ultimately unable to provide the names of any such witnesses. I also requested that Mr. Evans assist me in locating any evidence which might favor his defense. Although Mr. Evans stated that he would provide me with such assistance he ultimately stated that he could not.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

>     5.  I discussed potential defenses with Mr. Evans and his response was that either the witnesses would not appear to testify against him or that they would not be believed by the jury.
>
>     6.  I consulted with Mr. Evans numerous times and investigated his case as far as possible in preparation for trial. I determined Mr. Evans had no legitimately viable or legally admissible source for any of his income or expenditures.

(Government's Response, Exh. A). Movant offers no response to the Affidavit, and further fails to offer the names of any allegedly favorable witnesses Mr. Poston failed to contact. Under these circumstances, the Court finds Movant's trial counsel's actions fell within the "wide range of professionally competent assistance" sanctioned by Strickland, and thus his performance was not constitutionally deficient.

Further, even assuming counsel's performance to be deficient, Movant here fails to demonstrate the requisite prejudice. As noted above, Movant offers a list of issues allegedly affected by counsel's failure to investigate and call witnesses. (§ 2255 Motion, ¶ 22). Movant fails to delineate, however, the manner in which trial strategy with respect to any of those issues would have been affected by further investigation. Movant thus fails to demonstrate the results of his proceeding would have been different absent counsel's alleged error, Strickland, 466 U.S. at 694, and so Ground 1 of his § 2255 Motion must be denied.[3]

### B. Ground 2

In Ground 2 of his § 2255 Motion, Movant contends he was denied effective assistance of counsel in violation of the Sixth Amendment, in that counsel failed to object to several allegedly erroneous jury instructions. (§ 2255 Motion, PP. 6-9). The Court will address each contention in turn.

---

[3] With respect to Movant's Speedy Trial Act claim, this Court entered an order finding that the ends of justice were best served by setting this case for trial beyond the limits set by the Speedy Trial Act. Any objection lodged by Movant's counsel would therefore have been overruled.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

### 1. Instruction No. 43

In Ground 2, Movant first alleges counsel was ineffective for failing to object to Instruction No. 43. (§ 2255 Motion, PP. 6-7). Specifically, Movant maintains the instruction, a supplemental instruction on money laundering, understated the Government's burden of proof, by informing the jury that it was not necessary for the Government to prove that commerce was actually affected by the alleged money laundering activities. (Id., ¶ 28).

Movant's appellate counsel raised the issue of the erroneous jury instruction on direct appeal, and the Eighth Circuit denied the claim as follows:

> Mr. Evans contends that a third jury instruction, jury instruction 43, the Court's supplemental money-laundering instruction, was defective in that it omitted the requirement of an effect on interstate commerce. Because Mr. Evans failed to object to the instruction, we review for plain error. Although Mr. Evans is correct that the instruction did omit the requirement of an effect on interstate commerce, and that this omission was error, see *Evans*, 272 F.3d at 1081, he does not state how he was prejudiced. In other words, he does not identify which, if any, of the transactions for which he was convicted did not actually have an effect on interstate commerce. Because it is clear that the transactions that form the basis for his money-laundering convictions–including the purchase of luxury vehicles used in the prostitution business, the interstate wiring of proceeds, and the purchase of real estate–did in fact affect interstate commerce, we hold that the erroneous jury instruction was harmless, not plain, error. See *Evans*, 272 F.3d at 1080-82.

United States v. Evans, 285 F.3d at 670-71, citing United States v. Evans, 272 F.3d 1069 (8th Cir. 2001).

Upon consideration of the foregoing, the Court finds that, even assuming counsel's performance to be deficient, Movant here fails to demonstrate the requisite prejudice. As noted above, the Eighth Circuit Court of Appeals held that the giving of the erroneous instruction was not only not plain error, it was actually harmless error, in light of the evidence presented at trial. United States v. Evans, 285 F.3d at 671. Movant thus fails to demonstrate the results of his proceeding would have been different absent counsel's alleged error, and so Ground 2(1) of his § 2255 motion

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

must be denied.

## 2. Instruction No. 31

Movant next alleges counsel was ineffective for failing to object to Instruction No. 31. (§ 2255 Motion, PP. 7-8). Specifically, Movant asserts as follows:

> 33. The District Court also gave the Instruction No. 31, tendered by the government. This instruction provided that the jury could convict co-defendants of substantive Mann Act counts if it found that he "knowingly persuaded, induced, enticed or *coerced*" [emphasis added] an individual to travel in interstate commerce for the purpose of prostitution.
>
> 34. The indictment in the case, however, charged only that co-defendants "persuaded, induced and enticed" individuals to travel in interstate commerce for the purpose of prostitution in connection with the Mann Act violations. Instruction No. 31 thus created a variance between the crime charged in the indictment and the instruction to the jury as to the elements needed to convict [Movant]. This variance was of critical significance in the case generally because of both the Rule 404(b) evidence of the gang rape of Ms. Madison and the government's emphasis throughout the trial and in closing arguments on the element of coercion. The erroneous instruction was of significance to [Movant] because he was charged with conspiracy and substantive Mann Act violations.

(§ 2255 Motion, ¶¶ 33, 34).

Movant's appellate counsel did not raise this issue on direct appeal. Movant's co-defendant, Derry Evans' counsel did, however, and the Eighth Circuit Court of Appeals denied the claim as follows:

> Derry Evans was convicted under 18 U.S.C. § 2422(a), which states that whoever knowingly "persuades, induces, entices, or coerces" an individual to travel in interstate commerce to engage in prostitution, violates that section. However, his indictment charged only that he knowingly "persuaded, induced and enticed" an individual to travel in interstate commerce, omitting the reference to coercion. The Court's jury instruction reinstated the coercion element not charged in the indictment, asking whether the defendant "persuaded, induced, enticed, or coerced" an individual to travel in interstate commerce. Derry argues that by submitting evidence on coercion and inserting the coercion element into the instruction, the government and the District Court constructively amended the indictment in violation of the Fifth Amendment. Because Derry failed to object to the instruction, our review is for plain error. There is none. Adding "coerced" to the instruction had no effect on the case

- 8 -

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

other than, perhaps, to raise the government's burden of proof. If the jury found Derry to have violated the statute by coercing his victims to travel in interstate commerce, then he necessarily induced them to do so.

United States v. Evans, 272 F.3d at 1083-84.

Upon consideration of the foregoing, the Court finds that, even assuming counsel's performance to be deficient, Movant here fails to demonstrate the requisite prejudice. While the Eighth Circuit framed its discussion in terms of "plain error," its holding in effect constituted a finding of harmless error; in other words, the appellate court found that, if anything, the erroneous instruction raised the Government's burden of proof, and thus, "[i]f the jury found Derry to have violated the statute by coercing his victims to travel in interstate commerce, then he necessarily induced them to do so." United States v. Evans, 272 F.3d at 1084. The same reasoning applies to Movant Levorn Evans, and Movant thus fails to demonstrate the results of his proceeding would have been different absent counsel's alleged error. Ground 2(2) is denied.

### 3. Mann Act Instruction

Movant next alleges counsel was ineffective for failing to object to the Mann Act Instruction. (§ 2255 Motion, PP. 8-9). Specifically, Movant asserts as follows:

> 39. The district court also gave an instruction, tendered by the government, as to the substantive Mann Act violations which failed to identify the alleged victims transported in interstate commerce. Transportation of an individual in interstate commerce is an essential element of each of these counts. This instruction resulted in substantial jury confusion as to who the victims were for the various Mann Act violations alleged in the indictment. This confusion was reflected in a number of questions regarding the various prostitutes and with whom they were associated.

(§ 2255 Motion, ¶ 39).

Upon consideration, the Court finds that with this claim, Movant fails to demonstrate his attorney's performance was deficient, as required by Strickland. As noted above, under Strickland counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions

- 9 -

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. In the instant case, the Government responds to Movant's claim as follows:

> Evans further contends that counsel was ineffective for failing to object to the verdict director instructions because they did not identify the victims by name. None of the [six experienced] trial counsel objected to these instructions. Prior to closing argument, the government proposed to present a summary chart to the jury which would identify the defendant, the count and the victim. This was soundly opposed by all trial counsel and was excluded. This discussion occurred before the court but was never taken down by the court reporter. It is clear that as a matter of trial strategy that the defendants preferred less clarity.

(Government's Response, PP. 5, 6). The Government's account is verified through Mr. Poston's Affidavit, which states in relevant part as follows:

> 7. All defense counsel consulted on all jury instruction issues. All defense counsel agreed not to object to the instructions based upon the alleged victims' names not being included in them. All defense counsel agreed, as a matter of trial strategy, that we did not want the alleged victims' names included in the jury instructions as any confusion or lack of clarity was in the defendants' best interest, either at the trial or appellate level. Prior to closing argument, the Government prepared a chart identifying each count by defendant, alleged victim, date and statutory violation. All defense counsel objected to the chart and the court ultimately did not allow the Government to use it. Defense counsel viewed this as a tactical victory as we did not want any clarification in this case.

(Government's Response, Exh. A). Under these circumstances, the Court finds Movant's trial counsel's actions fell within the "wide range of professionally competent assistance" sanctioned by Strickland, and thus his performance was not constitutionally deficient. Ground 2(3) is denied.

### C. Ground 3

In Ground 3 of his § 2255 Motion, Movant contends he was denied effective assistance of counsel in violation of the Sixth Amendment, in that counsel committed several sentencing errors. (§ 2255 Motion, PP. 9-12). The Court will address Movant's contentions in turn.

#### 1. Organizer/Leader Enhancement

In his first claim of ineffective assistance of counsel due to sentencing error, Movant alleges

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

as follows:

> 46. The Presentence Investigation Report, adopted by the district court, assessed [Movant] a four level enhancement for being an organizer or leader pursuant to U.S.S.G. § 3B1.1(a). Not only was there no factual basis for the application of this enhancement, but as a result of the probation officer's application of multiple victim calculations, the enhancement was applied as to each alleged victim of the conspiracy count, but each of the substantive counts. This resulted in double counting.

(§ 2255 Motion, ¶ 46).

Upon consideration, the Court finds that Movant's claim for relief fails both prongs of the Strickland test. With respect to the deficiency prong, in its response the Government notes that Movant's trial counsel did in fact object to the four-level enhancement pursuant to U.S.S.G. § 3B1.1. (Government's Response, P. 7, citing Sentencing Transcript at 2-3). Under these circumstances, the Court finds Movant's trial counsel's actions clearly fell within the "wide range of professionally competent assistance" sanctioned by Strickland, and thus his performance was not constitutionally deficient.

Further, even assuming counsel's performance to be deficient, Movant here fails to demonstrate the requisite prejudice. Movant raised the issue of the organizer enhancement on direct appeal, and the Eighth Circuit denied the claim as follows:

> Mr. Evans next argues, as Derry Evans, Terrance Roberts, and Johnny Lee Evans did, that the District Court erred in determining that he was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, so as to warrant a four-point sentence enhancement under U.S. Sentencing Guidelines Manual section 3B1.1 (1998). *Evans*, 272 F.3d at 1084-85, 1089, 1097. We review for clear error. *Id.* at 1097. All five defendants were part of a large-scale criminal activity involving interstate transportation for prostitution. Deanna Kirkman, one of Terrance Roberts's prostitutes, testified that, following the arrest of Julia Wilson on state charges of prostitution, she witnessed a meeting involving Mr. Evans and the other defendants concerning a police statement that Ms. Wilson had made implicating the defendants. Ms. May testified that Mr. Evans provided money, as did his brothers, to fund their mother's purchase of a house. She also testified that she wired proceeds from prostitution for Mr. Evans on many occasions. Ms. May also testified that Mr. Evans instructed her to drive Eleana Garcia, one of Derry Evans's

- 11 -

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

> prostitutes, on prostitution calls, and Jessica Richardson testified that Mr. Evans hired her to drive Ms. May on prostitution calls. This testimony satisfies the requirement that Mr. Evans be "the organizer, leader, manager, or supervisor of one or more other participants." U.S. Sentencing Guidelines Manual § 3B1.1, cmt. n. 2 (1998). Finally, Annikki Davis testified that Mr. Evans found and recruited her to be a prostitute for his nephew. The District Court did not commit clear error in finding that he was a leader or organizer. *Evans*, 272 F.3d at 1084-85, 1089, 1097.

United States v. Evans, 285 F.3d at 672-73. Thus, the Eighth Circuit found the evidence showed that Movant hired several drivers to transport women on prostitution calls, and further participated in a meeting concerning Julia Wilson's statement to the police implicating Movant and the other Defendants. Taken together, these facts suffice to support the imposition of an enhancement for Movant's role as a leader or organizer. Movant thus fails to demonstrate the results of his proceeding would have been different absent counsel's alleged error, and so Ground 3(1) of his § 2255 motion must be denied.

### 2. Consecutive Sentences

In his second claim of ineffective assistance of counsel due to sentencing error, Movant alleges as follows:

> 51. Similarly, trial counsel failed to object to the imposition of consecutive sentences for the conspiracy alleged in Count 1 and the substantive interstate prostitution counts (Counts 4, 5, 6, 7 and 8). Although U.S.S.G. § 5G1.2(d) provides for consecutive sentences to achieve the total punishment in the event the count with the highest statutory maximum is less than the total punishment, a consecutive sentence for these counts to the money laundering counts should have not been imposed since money laundering in this case affects the same societal harm as the prostitution counts. Furthermore, the current money laundering guidelines specifically provide that the money laundering base offense level should be the same as the underlying offense and the grouping reference in the new Guidelines makes clear that a money laundering conviction is effectively merged with the underlying offense, thus precluding the imposition of consecutive sentences.

(§ 2255 Motion, ¶ 51).

Upon consideration, the Court finds that, even assuming counsel's performance to be

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

deficient, Movant here fails to demonstrate the requisite prejudice. Section 5G1.2(d) provides as follows:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

Pursuant to this section, the Court was required to run the sentences consecutively, in order to achieve the intent of the guidelines. Movant's trial counsel's objection, had he lodged one, would therefore necessarily have been overruled, and so Movant fails to demonstrate the results of his proceeding would have been different absent counsel's alleged error. Strickland, 466 U.S. at 694. Ground 3(2) is denied.

### 3. Committing Offense While Under Criminal Justice Sentence

In his third claim of ineffective assistance of counsel due to sentencing error, Movant alleges as follows:

> 55. Finally, trial counsel failed to object to the probation officer's application of § 4A1.1(d) resulting in an additional two points to [Movant's] criminal history for allegedly committing the "instant offense" while under any criminal justice sentence. Specifically, the issue is whether [Movant] was under a "stayed" sentence at the time of the commission of the present offense.
>
> 56. The Court of Appeals, although noting that the record was unclear whether [Movant] was under any stayed sentence at the time of the commission of this offense or any relevant conduct in regards thereto, did not vacate [Movant's] sentence because trial counsel did not object at sentencing and review was under a plain error standard.

(§ 2255 Motion, ¶¶ 55, 56).

Movant's appointed counsel raised this issue on direct appeal, and the Eighth Circuit denied the claim as follows:

> Regarding Mr. Evans's fourth contention, that he was not under probation at the time of commission of the current offenses, the government responds that Mr.

- 13 -

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Evans had received various stayed sentences, and he has not established that these stayed sentences were not a form of probation. The government cites no applicable case law for this proposition, however. Section 4A1.1(d) reads: "Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. Sentencing Guidelines Manual § 4A1.1(d) (1998). The application notes to the section indicate that "a 'criminal justice sentence' means a sentence countable under § 4A1.2 ... having a custodial or supervisory component, although active supervision is not required for this item to apply." U.S. Sentencing Guidelines Manual § 4A1.1(d) cmt. n. 4 (1998). Thus, although section 4A1.2(b)(2) states that "'sentence of imprisonment' refers only to the portion [of a sentence] that was not suspended," the term "criminal justice sentence" is not so narrowly defined. In fact, the application note goes on to state that "a term of unsupervised probation would be included" within the definition. U.S. Sentencing Guidelines Manual § 4A1.1(d) cmt. n. 4 (1998). Therefore, if a stayed sentence is like a form of unsupervised probation, it should be subject to section 4A1.1(d).

We have found no published decision in our Circuit on this issue, but one unpublished decision draws this analogy. See *United States v. Blodgett*, 32 F.3d 571, 1994 WL 421756, at \*1 (8th Cir. Aug.15, 1994) (finding section 4A1.1 enhancement appropriate for defendant under stayed sentence), *cert denied*, 514 U.S. 1042, 115 S.Ct. 1414, 131 L.Ed.2d 298 (1995). Other circuits have tended to agree. See *United States v. Burke*, 148 F.3d 832, 838 (7th Cir.) (holding that court supervision is criminal justice sentence), *cert. denied*, 525 U.S. 1031, 119 S.Ct. 572, 142 L.Ed.2d 476 (1998); *United States v. Norman*, 129 F.3d 1393, 1401-02 (10th Cir.1997) (holding that judgment and sentence with special conditions imposed under Colorado law was criminal justice sentence); *United States v. Damon*, 127 F.3d 139, 147 (1st Cir.1997) (holding that defendant was under criminal justice sentence notwithstanding state court's temporary stay of execution of sentences for prior offenses). But see *United States v. Kipp*, 10 F.3d 1463, 1467 (9th Cir.1993) (holding that, under Colorado's deferred sentencing scheme, suspended sentence, standing alone without accompanying term of probation, is not criminal justice sentence because it lacks both "custodial component" and "supervisory component").

The question remains whether any of the instant offenses were committed while Mr. Evans was under a stayed sentence. The application notes to section 4A1.1(d) indicate that the term "instant offense" is to be interpreted broadly, referring to "any part of the instant offense (i.e., any relevant conduct)." U.S. Sentencing Guidelines Manual § 4A1.1(d) cmt. n. 4 (1998). Considering the length and breadth of the conspiracy in which Mr. Evans was involved, and given this broad definition of "instant offense," Mr. Evans is almost certain to have engaged in relevant conduct during his various periods under stayed sentences. At the very least, on plain error review, he has the burden to establish that he did not engage in relevant conduct during those periods, something which he has failed to do.

In sum, we do not believe the District Court's assignment of these two

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

criminal history points amounts to plain error resulting in a miscarriage of justice. See *Fritz v. United States*, 995 F.2d 136, 137 (8th Cir.1993), *cert. denied*, 510 U.S. 1075, 114 S.Ct. 887, 127 L.Ed.2d 81 (1994). We cannot conclude from the record before us that Mr. Evans's stayed sentences do not qualify as criminal justice sentences or that he did not engage in relevant conduct during those intervals.

United States v. Evans, 285 F.3d at 675-76.

Upon consideration of the foregoing, the Court finds that, even assuming counsel's performance to be deficient, Movant here fails to demonstrate the requisite prejudice. Specifically, the Court notes that Movant offers absolutely no evidence tending to suggest that he did not engage in relevant conduct during his various periods under stayed sentences. See United States v. Evans, 285 F.3d at 675-76. Movant thus fails to demonstrate the results of his proceeding would have been different absent counsel's alleged error, and so Ground 3(3) of his § 2255 motion must be denied.

## II. **Constitutionally Defective Sentence**

In Ground 4 of his § 2255 Motion, Movant alleges that his sentence was constitutionally defective, as, "[t]he sentence imposed by the district court so exceeded the maximum penalty for any one of the counts for which [Movant] was convicted that the sentence violated both the Eighth Amendment and the Fifth Amendment due process clause." (§ 2255 Motion, ¶ 61). As noted above, U.S.S.G. § 5G1.2(d) required the Court to run the sentences on the various counts consecutively. Ground 4 is denied.

## III. **Constitutionally Defective Conviction**

In Ground 5 of his § 2255 Motion, Movant alleges that his conviction was constitutionally defective, as, "[Movant's] conviction violated the Fifth Amendment requirement of due process as defined by *Apprendi v. New Jersey*, 530 U.S. 466 and its progeny because the indictment did not allege an essential element of the offenses which served as the predicate for Count 1 for which [Movant] was convicted by the jury." (§ 2255 Motion, ¶ 63). Upon consideration, the Court notes

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

that Apprendi claims may not be raised for the first time on collateral review. White v. United States, 308 F.3d 927, 930 (8th Cir. 2002). Ground 5 is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED,** and Movant's claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 2nd day of June, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com